**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ESPINOSA, et al., | |
| Plaintiffs, | No. C 11-02282 JSW |
| | No. C 11-02972 JSW |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | **ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS** |
| Defendants. | |
| _____/ | |

**INTRODUCTION**

This matter comes before the Court upon consideration of the Motions to Dismiss, filed by San Francisco Police Inspector Michael Gaynor ("Gaynor"), San Francisco Police Inspector Velarde ("Velarde"), and Assistant District Attorney J. Michael Swart ("Swart") (collectively "Individual Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES hearing scheduled for September 9, 2011, DISMISSES WITHOUT PREJUDICE case 11-CV-2972, and GRANTS IN PART AND DENIES IN PART the motion to dismiss in case 11-CV-2282, with leave to amend.

**BACKGROUND**

**A.     Procedural History.**

On November 15, 2010, Plaintiffs filed a complaint in the Superior Court of California for the City and County of San Francisco ("San Francisco Superior Court") asserting claims

against the Individual Defendants and the City and County of San Francisco (the "City"). (*See Espinosa v. City and County of San Francisco*, 11-CV-2972-JSW, Docket No. 1 (Notice of Removal, Ex. A).) Plaintiffs served that complaint and the summons on the City on May 17, 2011. (Notice of Removal at 2:3-4, Ex. A.) Hereinafter, the Court shall refer to this case as the "original state court action."

However, in the interim, on January 6, 2011, Plaintiffs filed a new lawsuit in San Francisco Superior Court. In their complaint in the new case, Plaintiffs asserted the same claims against the same Individual Defendants, as well as the City. (*Espinosa v. City and County of San Francisco*, 11-CV-2282-JSW, Docket No. 1 (Notice of Removal, Ex. A).) Plaintiffs served the City with that complaint on or about April 8, 2011. (*Id.* at 2:3-4, Ex. A.) Hereinafter, the Court shall refer to this case as the "new state court action."

On May 9, 2011, the City removed the new state court action, and it was assigned to the undersigned. On June 16, 2011, the City removed the original state court action, and it was assigned to Magistrate Judge Ryu. On July 1, 2011, the Court granted the City's motion to relate the two cases.

**B.     The Order to Show Cause.**

Because it appeared to the Court that these two actions were identical in all respects, on August 22, 2011, the Court issued an Order to Show Cause directing Plaintiffs to show cause why one of these two actions should not be dismissed without prejudice as duplicative.

On August 29, 2011, Plaintiffs filed their response to the Order to Show Cause. Plaintiffs state that the original state court action was "filed as a protective filing," in order to protect any applicable one year statute of limitations. (*See* 11-CV-2282, Docket No. 18, Reply to Order to Show Cause, ¶ 2.) Plaintiffs also state that there was difficulty processing the governmental claim necessary to assert a claim against the City. (*Id.*, ¶ 3.)

Plaintiffs state that, after the City rejected the governmental claim on December 27, 2010, they filed the new state court action and attached a copy of the rejection. (*Id.*, ¶¶ 1, 4.) According to Plaintiffs they took this action "because there is an argument that a plaintiff cannot amend into a cause of action after the rejection of a government claim, but must support

2

those causes of action dependent on the rejection of a government claim with a complaint filed only after the rejection was issued (or deemed denied by operation of law)." (*Id.*, ¶ 4.)

Plaintiffs claims for false arrest and imprisonment are governed by a one year statute of limitations. *See* Cal. Code Civ. Pro. 340(c). The cause of action accrues when a plaintiff is released from imprisonment. *See Scannell v. County of Riverside*, 152 Cal. App. 3d 596, 606-07 (1984); *Collins v. Los Angeles County*, 241 Cal. App. 2d 451, 455-56 (1966). Plaintiffs allege they were released on February 8, 2010. Thus, the new state court action was filed within the applicable limitations period.

As such, the Court shall dismiss the original state court action, case no. 11-CV-2972, without prejudice, as duplicative of the new state court action.

**C.     Factual Background.**

Plaintiffs, Carlos Espinosa ("Espinosa") and Naomi Gerada Cerrato ("Cerrato") (collectively "Plaintiffs"), allege that

> [s]tarting about November 16, 2009, and continuing through February 8, 2010, Defendants, and each of them, acted individually and in concert with one another, caused the [Plaintiffs] to be arrested, detained, and falsely imprisoned against their wills and without their consent and in violation of due process and equal protection under the California and Federal Constitutions.
>
> The defendants intended to falsely imprison the [Plaintiffs] in order to assist them in a prosecution of a criminal matter, contending that [Plaintiffs] were witnesses. However, rather than follow the procedural, statutory, and constitutional rights allowed the [Plaintiffs,] the defendants caused the [Plaintiffs] to be sequestered and jailed, and the defendants denied and prevented the [Plaintiffs] legal representation, and prevented and avoided them from being taken in front of a judge or magistrate as required under Penal Code Section 879, 881, 882, and/or 1332, to review the legality, reasonableness, alternatives, and/or claimed cause for their arrest, jailing and detention.
>
> [Plaintiffs] asked and demanded to be released from custody, but defendants refused. The defense attorneys in the underlying criminal case were entitled to receive notice from the defendants of the [Plaintiffs'] arrest, imprisonment, and detention, but they did not.

3

(Compl., Attachment at 2.)[1]

Based on these and other allegations, which the Court shall address later in this Order, Plaintiffs assert the following claims for relief under California law: (1) Denial of Constitutional Rights; (2) Assault and Battery; (3) False Arrest and False Imprisonment; (4) Violation of California Civil Code § 51.7; (5) Violation of California Civil Code § 52.1; (6) Intentional Infliction of Emotional Distress; and (7) Negligence. Plaintiff also assert claims pursuant to 42 U.S.C. § 1983 on the basis that "Defendants" violated their rights under the First, Fourth, and Fourteenth Amendments. Specifically, Plaintiffs contend "Defendants" are liable for Illegal Detention, Illegal Arrest, Illegal Imprisonment, Excessive Force, and Unreasonable Search and Seizure. (*Id.* at 3-4.)

**ANALYSIS**

**A.      Applicable Legal Standard.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1] Because the dismisses, without prejudice, case 11-CV-2972, the Court recites the facts as set forth in the complaint in *Espinosa v. City and County of San Francisco*, 11-CV-2282-JSW, which is attached as Exhibit A to the Individual Defendants' motion to dismiss. (Docket 11.) In addition, all further docket entries shall refer to entries in 11-CV-2282, unless otherwise noted.

4

*Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.     The Court Grants, In Part, And Denies, In Part, The Individual Defendants' Motion to Dismiss.**

### 1.     Denial of California Constitutional Rights.

Plaintiffs allege that the Individual Defendants violated article I, sections 1, 2, 3, 7 and 13 of the California Constitution, and it is not clear from their prayer for relief whether they are seeking declaratory and injunctive relief, as well as damages.[2]  (*See* Compl., Attachment at 4.) The Individual Defendants move to dismiss this claim on the basis that, as a matter of law, these provisions of the California Constitution do not provide for a private right of action for damages.

In *Katzberg v. The Regents of the Univ. of Calif.*, 29 Cal. 4th 300 (2002), the California Supreme Court set forth an analytical framework to follow "for determining the existence of a damages action to remedy an asserted constitutional violation." *Id.* at 317. Under that framework, a court first inquires "whether there is evidence from which [it] may find or infer, within the constitutional provision at issue, an affirmative intent either to authorize or to

---

[2]  "Article I, section 1 of the California Constitution protects a right of 'privacy.' Article I, section 7, provides that '[a] person may not be deprived of life, liberty, or property without due process.' Article I, section 13 protects 'against unreasonable searches and seizures.... .'" *City of Simi Valley v. Superior Court*, 111 Cal. App. 4th 1077, 1082 n. 3 (2003). Article I, section 2 provides for the right of freedom of speech. Cal. Const. Art. I, § 2(a).  Article I, section 3 provides for the rights of petition and assembly. Cal. Const. Art. I, § 3(a).

5

1    withhold a damages action to remedy a violation." *Id.* "Second, if no affirmative intent either
2    to authorize or withhold a damages remedy is found, [a court] shall undertake the 'constitutional
3    tort' analysis" adopted by the United States Supreme Court in *Bivens v. Six Unknown Fed.*
4    *Narcotics Agents*, 403 U.S. 388 (1971), and its progeny. *Katzberg*, 29 Cal. 4th at 317.
5    Applying that analysis, the *Katzberg* court concluded that the plaintiff could not state a damages
6    claim for an alleged violation of article I, section 7(a). *Id.* at 317-329.

7    Since the California Supreme Court issued its opinion in *Katzberg*, many courts have
8    found that a plaintiff cannot maintain a direct claim for damages for a violations of the
9    constitutional provisions upon which the Plaintiffs in this case premise their claims. *See, e.g.,*
10   *Degrassi v. Cook*, 29 Cal. 4th 333, 338-344 (2002) (applying *Katzberg* analysis and concluding
11   that plaintiff could not state a direct claim for damages for violations of article I, section 2(a)
12   but noting that "[t]his does not mean that the free speech clause, in general, never will support
13   an action for monetary damages); *MHC Financing Ltd. Partnership Two v. City of Santee*, 182
14   Cal. App. 4th 1169, 1184-1188 (2010) (applying *Katzberg* analysis to conclude plaintiff could
15   not, as a matter of law, recover damages for violation of article I, section 3(a)); *City of Simi*
16   *Valley v. Superior Court*, 111 Cal. App. 4th 1077, 1084 (2003) (holding, without applying
17   *Katzberg* analysis, that plaintiff may not sue for damages based on violation of article I, section
18   7); *Wigfall v. City and County of San Francisco,* 2007 WL 174434, at * 4-*6 (N.D. Cal. Jan. 22,
19   2007) (applying *Katzberg* analysis and finding that plaintiff could not state a claim for a
20   violation of article I, section 13); *Reinhardt v. Santa Clara County*, 2007 WL 662741, at *7-8
21   (N.D. Cal. Mar. 15, 2006) (applying *Katzberg* analysis and finding that plaintiff could not state
22   direct claim for damages under article I, section 7(a).)

23   Plaintiffs allege that, on or about November 16, 2009, the Individual Defendants took
24   them into custody, without their consent, and that they demanded to be released but the
25   Individual Defendants did not do so. Plaintiffs allege this was done because they were
26   witnesses in a criminal matter, and they allege that the Individual Defendants failed to comply
27   with various statutory and procedural requirements pertaining to material witnesses. Thus, the
28   gravamen of Plaintiffs' claims is that they were unlawfully held as material witnesses, without

6

access to counsel or the courts. Taking these facts as true, it appears that Plaintiffs could assert a claim for violation of their due process rights.

The Court notes that the Individual Defendants appear to take the position that *Katzberg* presents a categorical bar to damage claims for alleged violations of the California Constitution. Plaintiffs, in turn, fail to address the analytical framework adopted in *Katzberg* to respond to the Individual Defendants' motion. The Court concludes that this issue is not adequately briefed and, thus shall not address it on this motion.

Because the Court is granting Plaintiff leave to amend other claims, it shall require Plaintiff to amend their state constitutional claims to more clearly articulate the factual basis for the alleged violations of article I, sections 1, 2, 3, 7 and 13. If Plaintiffs amend their complaint to include alleged violations of these sections of Article I of the California Constitution, the Individual Defendants may renew this argument on a subsequent motion to dismiss or on summary judgment. However, each party should frame their arguments in accordance with the framework adopted in *Katzberg*.

**2.     Assault and Battery.**

The Individual Defendants move to dismiss these claim on the basis that Plaintiffs do not allege sufficient factual content to state claims for relief. The elements of a claim for civil assault are that: (1) a defendant intended to cause harmful or offensive conduct, or the imminent apprehension of such contact; and (2) a plaintiff was put in imminent apprehension of such contact. *See Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) (citations omitted); *see also Judicial Council of California Approved Jury Instructions*, CACI 1301.

"The elements of civil battery are: (1) defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff." *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 526-27 (2009); *see also* CACI 1300. "When a plaintiff asserts a claim for battery against a police officer based on conduct during an arrest or detention, he or she must also allege that the police office used unreasonable

7

force. *See, e.g, Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272-73 (1998); *see also* CACI 1305.

The only allegations that could support any of these three claims are the conclusory allegations that the Individual Defendants "caused physical contact to be inflicted on Plaintiffs without Plaintiffs' consent," engaged in "intrusive strip searches," denied Plaintiffs "medical and dental care," and engaged in "acts of brutality." (Compl., Attachment at 2.) Pursuant to *Twombly*, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing *Papasan*, 478 U.S. at 286). Although Plaintiffs' allegations regarding intrusive strip searches may give rise to a claim for battery, or some other form of relief, the Court finds there are insufficient factual allegations to conclude they state a plausible claim for relief under *Twombly*. Further, the remaining allegations are insufficient to state a claim for assault or excessive force.

Because the Court cannot say that Plaintiffs could not viably state claims for assault, battery or excessive force, the Court shall grant Plaintiffs the opportunity to amend these claims.          **3.      False Arrest and False Imprisonment.**

The Individual Defendants also contest the sufficiency of Plaintiffs' allegations for false arrest and imprisonment under state and federal law. Under California law, "[t]he elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Easton v. Sutter Coast Hosp.*, 80 Cal. App. 4th 485, 496 (2000). In the context of a Section 1983 claim for false arrest and false imprisonment, Plaintiffs must show that the Individual Defendants lacked probable cause to arrest and subsequently detain them. *See, e.g., Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). Although Plaintiffs allege they were taken into custody and held without consent, they have not set forth any facts - rather than legal conclusions - showing that the Individual Defendants either lacked probable cause to arrest them as material witnesses, or did so without lawful privilege.

8

Accordingly, the Court grants the motion to dismiss these claims. Again, because the Court cannot say that Plaintiffs could not state a viable claim for relief under either state of federal law based on the allegations of false arrest and imprisonment it shall grant Plaintiffs' leave to amend these claims.

### 4. California Civil Code § 51.7.

California Civil Code § 51.7, provides that all persons "have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51," which pertain to race, gender, sexual orientation, or disability, "or because another person perceives them to have one or more of those characteristics." Plaintiffs allege that "Defendants' afore-described conduct, and all of it, denied Plaintiffs their rights to be free from violence and intimidation because of their political affiliation or viewpoint in violation of Cal. Civ. Code section 51.7." (Compl., Attachment at 2.) The Individual Defendants argue that these allegations are no more than a formulaic recitation of the elements of a violation of Section 51.7. Plaintiffs do not respond to this argument.

The Individual Defendants are correct. Moreover, the introductory allegations do not provide additional factual content to support Plaintiffs claims. By way of example only, Plaintiffs do not explain the factual nature of their political affiliation or viewpoint, nor do they outline the nature of the alleged violence or intimidation used against them because of their political affiliation or viewpoint.

Accordingly, the Court grants the Individual Defendants' motion to dismiss this claim. Again, because the Court cannot say Plaintiffs could not assert a viable claim for relief under Section 51.7, the Court shall grant Plaintiffs leave to amend.

### 5. California Civil Code § 52.1.

California Civil Code Section 52.1(b) provides a private right of action for damages against any person who "interferes [or] attempts to interfere by threats, intimidation, or coercion" with the exercise or enjoyment of a legal right. Section 52.1 requires "an attempted

9

or completed act of interference with a legal right, accompanied by a form of coercion." *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998).

Plaintiffs allege that "Defendants' above-described conduct, and all of it, constitutes interference by threats, intimidation and coercion of rights secured by the Constitution of the laws of the United States and by the Constitution and laws of the State of California Civil Code § 52.1." (Compl., Attachment at 3.) Defendants argue that these allegations are no more than a formulaic recitation of the statute and are insufficient to state a claim. Plaintiffs argue that "[j]ailing material witnesses for three months without affording them a hearing or an attorney is by definition coercive and intimidating conduct." (Opp. Br. at 11:3-4.)

The Court agrees with Plaintiffs and concludes that these facts, if true, could state a claim for violation of their due process rights. Accordingly, the Court denies the Individual Defendants' motion to dismiss this claim for relief.

### 6. Intentional Infliction of Emotional Distress.

To state a claim for intentional infliction of emotional distress, Plaintiffs must allege facts showing: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering and (4) actual and proximate causation of the emotional distress." *See, e.g., Cole v. Fair Oaks Fire Dept.*, 43 Cal. 3d 148, 155 n.7 (1987). This tort imposes liability for "conduct exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress." *Id.* Further, behavior "may be considered outrageous if a defendant ... abuses a relation or position which gives him power to damage the plaintiff's interest." *Id.*

As set forth, the gravamen of Plaintiffs' claims is that they were unlawfully held as material witnesses, without access to counsel or the courts, and apparently subject to strip searches. Taking these facts as true, the Court concludes they could state a claim for intentional infliction of emotional distress. Accordingly, the Court denies the Individual Defendants' motion to dismiss this claim for relief.

**7. Negligence.**

In order to state a claim for negligence, Plaintiffs must allege facts that show: (1) each of the Individual Defendants owed them a legal duty to use due care; (2) the Individual Defendants breached that duty; and (3) the Individual Defendants' breach was the proximate cause of Plaintiffs' injury. *See, e.g., Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996). Plaintiffs' allege that "Defendants had a duty to properly hire, train, oversee, supervise and discipline police officers and sheriff department employees so as to prevent violations of Plaintiffs' constitutional, statutory, and common law rights and to prevent physical injury to Plaintiffs, and a duty to use police equipment and sheriff's facilities equipment properly to avoid harm to Plaintiffs. By the conduct described above, defendants breached the duty of care owed to Plaintiffs and proximately caused them general and special damages in an amount to be proven." (Compl., Attachment at 3.)

Even when the Court considers the general factual background of Plaintiffs' complaint, the Court concludes that the Plaintiffs have not alleged sufficient facts under *Twombly* to state a claim for negligence and fail to specifically articulate the actions the Individual Defendants are alleged to have taken. Accordingly, the Court grants the Individual Defendants' motion to dismiss this claim. Because the Court cannot conclude amendment would be futile, it also grants Plaintiffs leave to amend.

**8. Section 1983.**

In order to establish a claim for excessive force under Section 1983, Plaintiffs must show that the Individual Defendants acted under color of state law and that their conduct deprived Plaintiffs of their constitutional rights. *See Long v. City and County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). With respect to the excessive force claim, under a Fourth Amendment analysis, Plaintiffs must show that the Individual Defendants' use of force was unreasonable. *Graham v. Connor*, 490 U.S. 386, 395 (1989).

As discussed in connection with Plaintiffs' state law claims, the Court concludes that Plaintiffs have stated facts supporting a claim for violation of due process rights. However, for the reasons set forth above, Plaintiffs do not include sufficient factual allegations to support

claims for unlawful arrest, unlawful detention, unreasonable search and seizure, or excessive force. Because the Court cannot conclude Plaintiffs could not allege facts to support these claims, it will grant Plaintiffs leave to amend.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART the Individual Defendants' motion to dismiss, and it GRANTS Plaintiffs leave to amend their claims, if they can do so in good faith and in compliance with Federal Rule of Civil Procedure 11. The Court notes that the Individual Defendants moved to dismiss all claims on the basis that Plaintiffs did not "put the Individual Defendants on notice as to what Plaintiffs allege they did and which causes of action (if any) apply to each" Individual Defendants.

In their opposition brief, Plaintiffs provided more clarity as to what the Individual Defendants are alleged to have done to them. (*See* Opp. Br. at 2:3-9.) However, these facts are not alleged in the Complaint. Accordingly, although the Court does not grant the Individual Defendants motion to dismiss on this basis, if Plaintiffs choose to amend, they must specifically identify the actions each Individual Defendant is alleged to have taken. This ruling also applies to the claim for intentional infliction of emotional distress, the alleged violations of California Civil Code § 52.1, and their Section 1983 claims. Although the City filed an answer to the complaint, because the Court is granting leave to amend, Plaintiffs shall be required to set forth the factual bases for the claims against the City.

Plaintiffs amended complaint shall be filed by no later than October 7, 2011. The case management conference scheduled for October 14, 2011, at 1:30 p.m. is HEREBY CONTINUED to December 2, 2011, at 1:30 p.m. The parties' Joint Case Management statement shall be due by no later than November 18, 2011.

The Clerk shall close the docket in case 11-CV-2972.

**IT IS SO ORDERED.**

Dated: September 7, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE